IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ROBERT CHARLES MINTZ,              )
                                   )
     Plaintiff,                    )
                                   )
          v.                       )     1:11CV586
                                   )
CITY OF HIGH POINT, MIKE           )
SPENCER, RICHARD LAWRENCE,         )
GREGG NANCE, CHRIS THOMPSON,       )
and STEVE PENDRY,                  )
                                   )
     Defendants.                   )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6) (Docket Entry 6). (See Docket Entry dated Nov. 3, 2011.) For the reasons that follow, the instant Motion should be granted in part and denied in part without prejudice.

**I. Background**

The Complaint alleges that:

1) Plaintiff was a driver "employed with the City of High Point since 9-28-87" (Docket Entry 1 at 2);[1]

2) on September 22, 2010, Plaintiff "was given a drug test" which he passed, "was given an alcohol test" which he passed, "was

---

[1] The hand-written portions of the Complaint do not use a consistent pattern of capitalization. (See Docket Entry 1 at 1-5.) For ease of reading, when quoting such parts of the Complaint, this Memorandum Opinion employs standard capitalization conventions.

pulled over in a city truck by [a] State Trooper," and was "suspended 3 days" (id. at 3);

3) on December 15, 2010, Plaintiff was terminated in the culmination of Defendants' "plot to fire [him]" (id. at 2-3);

4) a number of other drivers wrecked or damaged equipment but were not fired (id.);

5) "[Defendants] had a plot out to get [Plaintiff] from [sic] over 10 years [and he] went and took a lota [sic] abuse from these folks" (id. at 4); and

6) Plaintiff "obeyed the rules [but Defendants] made up a lota [sic] accusations and false things in [his] file over the years" (id.).

Plaintiff attached to the Complaint: (1) a letter from the Employment Security Commission of North Carolina affirming Plaintiff's entitlement to unemployment benefits after an appeal by the City of High Point (Docket Entry 1-1); (2) an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination form against the City of High Point received on December 28, 2010 (Docket Entry 1-2);[2] (3) a termination letter directed to Plaintiff dated December 15, 2010 (Docket Entry 1-3); (4) a random controlled substance test notice signed by Plaintiff and dated September 22,

---

[2] The form alleges discrimination based on race and "in retaliation for having filed a charge of employment discrimination with the EEOC against the City" in October of 2010. (Docket Entry 1-2 at 1.)

2010 (Docket Entry 1-4); (5) a U.S. Department of Transportation Alcohol Testing Form signed by Plaintiff and dated September 22, 2010 (Docket Entry 1-5); and (6) a testing shipping form signed by Plaintiff and dated September 22, 2010 (Docket Entry 1-6).

In sum, based on the attached EEOC Charge of Discrimination, it appears the Complaint - if viewed through the forgiving lens of liberal construction provided to pro se litigants, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (reiterating that "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citation and quotation marks omitted)) - alleges that Defendants terminated Plaintiff's employment because of his race and/or in retaliation for his filing of a prior EEOC charge of race discrimination in violation of Title VII of the Civil Rights Act of 1964. Defendants moved to dismiss (Docket Entry 6), Plaintiff responded (Docket Entry 9), and Defendants replied (Docket Entry 10).

## II. Discussion

### *A. Subject Matter Jurisdiction - Rule 12(b)(1)*

Defendants first move for dismissal based on lack of subject matter jurisdiction. (Docket Entry 6 at 1; Docket Entry 7 at 6-7.) "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd.,

3

551 F.3d 297, 300 (4th Cir. 2009). Except as to claims of retaliation for the filing of an EEOC charge, see id. at 301-02 (discussing Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992)), the United States Court of Appeals for the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter [from the EEOC] is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (emphasis added).

The body of Plaintiff's Complaint does not make any mention of filing a charge of discrimination with the EEOC, much less the receipt of a right-to-sue letter. (Docket Entry 1 at 1-5.) Nor does the Complaint allege retaliation for filing an EEOC charge. (Id.) Further, although the Complaint's attached EEOC Charge of Discrimination form (Docket Entry 1-2) alleges discharge "due to [Plaintiff's] race (Black) and in retaliation for having filing [sic] a charge of employment discrimination with the EEOC against the City" (id. at 1), neither the Complaint nor any attachment indicate receipt or entitlement to a right-to-sue letter. (Docket Entries 1, 1-1 - 1-6.)

Under these circumstances and given Plaintiff's status as a pro se litigant, the Court should not dismiss his action at this time, but instead should afford Plaintiff an opportunity to amend his Complaint in a manner that establishes jurisdictional prerequisites for any Title VII claim(s). See, e.g., Threat v.

4

Potter, No. 3:05CV116, 2006 WL 1582393, at *1 (W.D.N.C. June 2, 2006) (unpublished) ("Dismissal of the Complaint could be warranted under these circumstances. However, in its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action.").

### *B. Service of Process - Rule 12(b)(5)*

Defendants next seek dismissal due to improper service. (Docket Entry 6 at 1; Docket Entry 7 at 7-11.) Plaintiff served each Defendant at P.O. Box 230, High Point, NC 27261 (Docket Entry 5 at 1-12), the post office box mailing address for the City of High Point (Docket Entry 7 at 9). This approach does not comply with applicable rules. See Fed. R. Civ. P. 4(e) and (j)(2); N.C. R. Civ. P. 4(j)(1) and (5). The Court, however, should allow Plaintiff an opportunity to perfect service. See Miller v. Northwest Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004) (Beaty, J.) ("[P]ro se litigants are allowed even greater latitude [than litigants represented by counsel] to correct defects in service of process and pleadings."); accord Lisson v. ING GROEP N.V., 262 Fed. App'x 567, 571 (5th Cir. 2007); Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).

### *C. Failure to State a Claim – Rule 12(b)(6)*

Finally, Defendants move to dismiss any Title VII claims against the individual Defendants for failure to state a claim.

5

(Docket Entry 6 at 1; Docket Entry 7 at 11-12.)  Under Federal Rule of Civil Procedure 12(b)(6), a complaint falls short if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Defendants correctly have observed that Plaintiff cannot state a claim under Title VII against individuals.  See Lissau v. Southern Food Servs., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998).

### III.  Conclusion

The Court should dismiss any Title VII claim(s) against the individual Defendants, but should permit Plaintiff to amend his Complaint to establish subject matter jurisdiction for any Title VII claim(s) against Defendant City of High Point, as well as to perfect service of process on Defendant City of High Point.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6) (Docket Entry 6) be granted in part and denied in part without prejudice, in that any Title VII claim(s) against the individual Defendants should be dismissed, but Plaintiff should be allowed to amend his Complaint to establish subject matter jurisdiction for any Title VII claim(s) against Defendant City of High Point, as well as to perfect service of process on Defendant City of High Point.

**IT IS FURTHER RECOMMENDED** that this matter be set for a status conference with the assigned Magistrate Judge to set further deadlines in the case.

                                              /s/ L. Patrick Auld
                                                 **L. Patrick Auld**
                                        **United States Magistrate Judge**

December 31, 2012