IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT CHARLES MINTZ,            )
                                 )
            Plaintiff,           )
                                 )
     v.                          )        1:11CV586
                                 )
THE CITY OF HIGH POINT,          )
                                 )
            Defendants.          )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant The City of High Point (Doc. 19).

**I.  BACKGROUND**

Plaintiff filed his Amended Complaint (Doc. 16) pursuant to this court's February 1, 2013 order adopting the Magistrate Judge's Recommendation. (Doc. 13.)  In his order, the Magistrate Judge properly noted that while Plaintiff's original complaint was accompanied by a prior Charge of Discrimination filed with the EEOC (Complaint ("Compl.") (Doc. 1), Ex. 2), Plaintiff had failed to attach the connected right-to-sue letter required to confer subject matter jurisdiction on this court. (Recommendation (Doc. 11) at 4.)  Acknowledging the liberal pleading standard applicable

to pro se litigants, the Magistrate Judge recommended, and this court agreed, that Plaintiff should have thirty (30) days to amend his complaint by attaching the necessary right-to-sue letter. (See Order (Doc. 13) at 1.) Plaintiff subsequently amended his complaint by attaching a right-to-sue letter (see Amended Complaint ("Am. Compl.") (Doc. 16), Ex. 1), but he did not attach the correct right-to-sue letter. The Charge of Discrimination attached to Plaintiff's original complaint, which detailed the factual basis underlying his lawsuit, is numbered 435-2011-00174. (See Compl. (Doc. 1), Ex. 2.) The right-to-sue letter attached to Plaintiff's Amended Complaint, however, is numbered 846-2010-86158, and the associated EEOC Charge of Discrimination is not referenced anywhere in the Amended Complaint. (See Am. Compl. (Doc. 16), Ex. 1.)

Mindful once again of the liberal pleading standards provided to pro se litigants, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), this court stayed its decision on Defendant's Motion to Dismiss and allowed Plaintiff a further ten (10) days to file the appropriate right-to-sue letter. Plaintiff, however, has failed to comply with this court's order: instead of filing the appropriate right-to-sue letter, Plaintiff instead re-filed the same EEOC Charge of Discrimination (No. 435-2011-00174)

attached to his initial complaint. (Notice of Additional Filing ("Notice") (Doc. 24), Ex. 1; see also Compl. (Doc. 1), Ex. 2.)

Aside from noting that Plaintiff's EEOC documents are somewhat confusing, this court also observes that Plaintiff filed an amended complaint (Doc. 16) instead of simply amending his complaint to include the right to sue letter as directed by this court's order adopting the recommendation from the Magistrate Judge. The amended complaint (Doc. 16) contains some allegations similar to the original complaint (Doc. 1) but also adds a few additional allegations. Nevertheless, as explained herein, this court finds that the amended complaint should be dismissed because Plaintiff has failed to present evidence that he exhausted his administrative remedies as to the claim asserted in his amended complaint.

**II. ANALYSIS**

**A. In General**

As the Magistrate Judge previously explained, "'[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.'" (Recommendation (Doc. 11) at 3 (internal citations omitted).) For claims of wrongful termination under Title VII, "the United States Court of Appeals for the Fourth Circuit has 'long held that receipt of, or at

least entitlement to, a right-to-sue letter [from the EEOC] is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." (Id. at 4.) This means that a plaintiff making a wrongful termination claim under Title VII must submit or allege, at a minimum, (1) a complaint setting out the allegedly-unlawful circumstances of his termination, (2) an EEOC Charge of Discrimination demonstrating that he has sought relief for his wrongful termination, and (3) a right-to-sue letter from the EEOC demonstrating that the agency has considered Plaintiff's allegations. Each of these three documents must be related to the same alleged misconduct.

Here, Plaintiff's amended complaint states, in the most direct statement of the claim, that "I believe I was wrongfully terminated." (Am. Compl. (Doc. 16) at 2.) After making additional complaints about working conditions, Plaintiff goes on to allege that "I was called in the office, told me I was not to return on city property, Dec [sic] 16 gave me a termination letter." (Id. at 3.) Construing the pro se complaint liberally, this court finds that Plaintiff's claim is one for wrongful termination.

In support of this claim, Plaintiff has submitted the required Charge of Discrimination for a claim of wrongful termination, EEOC case number 435-2011-00174. (See Compl. (Doc.

1), Ex. 2; Notice (Doc. 24), Ex. 1.)  That Charge of Discrimination states that Plaintiff "received notification that my employment had been terminated effective December 15, 2010" and further alleged that "I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, due to my race (Black) and in retaliation for having filing [sic] a charge of employment discrimination with the EEOC against the City.  (Notice (Doc. 24), Ex. 1.)

   Both Plaintiff's amended complaint and Charge of Discrimination number 435-2011-00174 allege a claim for wrongful termination. Therefore, any right-to-sue letter Plaintiff submits must be related to the claim of wrongful termination alleged in these two documents. However, Plaintiff's right-to-sue letter, which bears the EEOC case number 846-2010-86158 (Am. Compl. (Doc. 16), Ex. 1), does not appear to be related to Plaintiff's claim as alleged in the amended complaint.  As a matter of fact, it is not clear at all what claim was the subject of the EEOC investigation and corresponding right to sue letter for EEOC case number 846-2010-86158, and Plaintiff does not specifically state that the right-to-sue letter is related to the wrongful termination claim alleged in the amended complaint.

Because Plaintiff has failed to submit the appropriate right-to-sue letter in support of his wrongful termination claim, this court will dismiss Plaintiff's amended complaint to the extent it alleges wrongful termination.

**B. Retaliation Exception**

Unlike with a claim for wrongful termination, a plaintiff alleging a claim for retaliation does not have to provide a separate right-to-sue letter. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 301-02 (4th Cir. 2009) (holding that plaintiffs are allowed to raise retaliation claims for the first time in federal court, without previously exhausting administrative remedies). However, a plaintiff's complaint must still contain sufficient allegations to state a claim for retaliation. See Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (holding that "that receipt of, or at least entitlement to, a right-to-sue letter [from the EEOC] is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint")(emphasis added).

Here, nowhere in the amended complaint does Plaintiff allege retaliation for filing an EEOC complaint as the basis for his wrongful termination allegations. Even under a liberal construction of Plaintiff's amended complaint and considering the Charge of Discrimination (Notice (Doc. 24), Ex. 1) in

conjunction with the amended complaint, Plaintiff does not assert a claim of retaliation for filing an EEOC complaint. The Charge of Discrimination alleges discrimination based on both race and retaliation. (See id.) Plaintiff, however, has alleged in the body of his amended complaint that his termination may have resulted from the possibility of a pension. (Am. Compl. (Doc. 16) at 3.) ("As I got closer to getting my pension, I started getting low performance appraisals, write ups.") Because Plaintiff's amended complaint fails to mention retaliation in any fashion, this court is not able to construe it as asserting a claim for retaliation as a basis for the wrongful termination. Plaintiff's allegations in the amended complaint appear to contradict the allegations in the Charge of Discrimination, or at least fail to incorporate discrimination based on race, retaliation, or both. This court simply cannot assume retaliation as a basis for Plaintiff's claim in the amended complaint; therefore, Plaintiff has failed to establish that he is exempt from the obligation to file an EEOC charge and secure a right-to-sue letter as described by the Magistrate Judge in his recommendation.

## III. CONCLUSION

Plaintiff has now had two opportunities to comply with the procedures explained by the Magistrate Judge and required to

confer subject matter jurisdiction on this court.  Plaintiff has failed to do so both times.  Additionally, Plaintiff has not alleged, either in his original complaint or in his amended complaint, that his claim is one which is an exception to the requirement that administrative remedies be exhausted.  Therefore, Defendant's motion to dismiss (Doc. 19) will be granted, the liberal pleading standards allowed to <u>pro se</u> litigants notwithstanding.

However, in light of the fact that it is not clear what may have occurred with respect to Plaintiff's Charge of Discrimination, EEOC number 435-2011-00174, or whether administrative remedies have been exhausted with respect to that claim, this court will dismiss this action without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Amended Complaint (Doc. 19) is **GRANTED** and that Plaintiff's Amended Complaint (Doc. 16) is hereby **DISMISSED WITHOUT PREJUDICE**.  A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 6th day of March, 2014.

_____
                United States District Judge